```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

| | |
|---|---|
| **CALVIN ALPHONSE LEE,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 04-00710-BH-B |
| **JUDGE JAMES WOOD, et al.,** | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Docs. 8, 13). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After consideration of the pleadings, and for the reasons set forth below, it is recommended that this action be dismissed with prejudice as to Defendant Judge James Wood and Defendant City of Mobile Police Department and dismissed without prejudice as to Defendant Probation Officer Reginald Tate, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis* against a government officer, the Court has reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.[1]  "Section 1915A requires the court to review a complaint filed by a prisoner-plaintiff against a government officer and to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  Baxter v. Washington, 2006 WL 2591483, *1 (11th Cir. 2006).  "A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief."  Id. (citing Brower v. County of Inyo, 489 U.S. 593, 598 (1989)).  "Section 1915 requires the court to dismiss a complaint on the same grounds when a prisoner-plaintiff proceeds in forma pauperis."  Id.

---

[1] The predecessor to these sections is 28 U.S.C. § 1915(d). Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. §§ 1915(e)(2)(B)and 1915A(b) in the Prison Litigation Reform Act of 1996 ("PLRA"), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered.  See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000); Looney v. Hetzel, 2001 WL 395153, *2 n.2 (S.D. Ala. 2001) (unpublished).  However, dismissal under §§ 1915(e)(2)(B) and 1915A(b) is now mandatory. Bilal, 251 F.3d at 1348-49; Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 775 (7th Cir. 2002).

## **II. FACTS**

For screening purposes, the Court assumes as true the allegations contained in Plaintiff's Complaint. (Doc. 1). According to Plaintiff, on November 1, 2004, he appeared in the Mobile County Circuit Court and Judge James Wood revoked his parole. Plaintiff contends that this revocation was a direct result of the fact that his attorney was appointed only "5 minutes before [the] hearing." (Id.). Additionally, Plaintiff contends that he was falsely incarcerated from September 9, 2004, until October 27, 2004, by Defendant Probation Officer Reginald Tate based on allegedly false reports. (Id. at 5-6). Plaintiff states that he was later acquitted of all charges.

Plaintiff also alleges very vaguely that on September 4, 2004, "Mobile Police officers refused Plaintiff medical attention," for a stab wound in his right hand. (Id. at 5, 7). Plaintiff further alleges that his Due Process rights were denied, the "Requested trail (sic) denied," and that the "Probation Officer Lied under oath, prepared false documents and incomplete document. Also Unqualified to Preform Job Description (sic)." (Id. at 5). Plaintiff is currently serving time in prison because of the parole violation, and requests the following relief:

> [a]ppeal the Hearing, Set Another Hearing and grant Plaintiff Adquate Counsel, and time to prepare for hearing. Review entire hearing and grant trail for Plaintiff. Have Perjury charge's applied to guilty party and victim. Release Plaintiff from jail (sic).

3

(Id. at 8).

On November 8, 2004, Plaintiff filed the instant § 1983 action against Defendants, Mobile County Circuit Judge James Wood, Probation Officer Reginald Tate, and the City of Mobile Police Department (hereafter "Mobile Police Department"), alleging that the Defendants violated his "Due Process Rights," apparently resulting in his parole revocation, and that the Defendants violated his "Civil Rights as Prisoner," apparently stemming from his alleged lack of medical care by the Mobile Police Department.[2]

---

[2] The Court notes that Plaintiff has previously filed at least five civil rights actions in the United States District Courts for the Southern, Middle and Northern Districts of Alabama, including the following, Lee v. Tillman, Southern District of Alabama, CV-04-0823-WS-M (filed on December 29, 2004, asserting § 1983 claims against Mobile County Sheriff Jack Tillman, Warden Mike Haley, Dr. Sonnier, and Dr. Smith, regarding Plaintiff's conditions of confinement at the Mobile County Metro Jail, and dismissed prior to service because it was frivolous or failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); Lee v. Tillman, Southern District of Alabama, CV-04-700-WS-C (filed on November 2, 2004, alleging under § 1983 that Plaintiff was being subjected to cruel and unusual punishment, false imprisonment, and that his civil rights were offended by his conditions of confinement at the Mobile County Metro Jail, and dismissed prior to service of process as a result of Plaintiff's failure to prosecute the action); Lee v. Owens, Northern District of Alabama, CV-99-AR-3282-J (filed on December 21, 1999, alleging violations of § 1983 regarding Plaintiff's lack of access to a law library while incarcerated at the Hamilton Community Based Facility, and dismissed prior to service of process for failure to state a claim pursuant to 28 U.S.C. § 1915(A)(b)(1); Lee v. Alabama Dept. of Corrections, Northern District of Alabama, 99-CV-3398 (dismissed prior to service for Plaintiff's failure to comply with court order); Lee v. Alabama Dept. of Corrections, Middle District of Alabama, Civil Action No. 2:07-CV-82-MHT (filed on

(Doc. 1 at 5-7; Doc. 13). Having considered Plaintiff's Complaint in its entirety, the Court finds that Plaintiff's allegations fail to establish any claim against Defendants Judge James Wood, Probation Officer Reginald Tate, and the Mobile Police Department for which relief could be granted.

### III. DISCUSSION

As discussed above, a prisoner who is allowed to proceed *in forma pauperis* in this Court and/or who files a complaint against a government officer or employee will have his complaint screened in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, respectively. This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2).

A.  **The Relief Sought by Plaintiff is Unavailable**

The Court finds that Plaintiff is challenging his present incarceration in this 42 U.S.C. § 1983 action. Recently, in the Supreme Court decision of <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81, 125 S. Ct. 1242, 1247, 161 L. Ed. 2d 253 (2005), the Court

---

January 29, 2007, alleging violations of threatening and abusive language against some individual defendants and the Alabama Department of Corrections ("ADOC"), and currently recommended to be dismissed as to the ADOC as frivolous, prior to service of process).

observed:

> [t]hroughout the legal journey from <u>Preiser</u> to <u>Balisok</u>, the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.

The writ of habeas corpus is the sole means by which to seek invalidation of a state conviction in federal court. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S. Ct. 1386, 36 L. Ed. 2d 439 (1973). In <u>Preiser</u>, the Court determined the specific remedy provided by the habeas statute § 2254 overrode the general provision of § 1983 as the proper statute by which to challenge the loss of good-time credits. <u>Id.</u> at 489, 93 S. Ct. at 1836.

> The broad language of § 1983, however, is not conclusive of the issue before us. The statute is a general one, and despite the literal applicability of its terms, the question remains whether the specific federal habeas corpus statute, explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement, must be understood to be the exclusive remedy available in a situation like this where it so clearly applies. The respondents' counsel acknowledged at oral argument that a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus. It was conceded that he cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge, because Congress has passed a more specific act to cover that situation, and, in doing

so, has provided that a state prisoner challenging his conviction must first seek relief in a state forum, if a state remedy is available. It is clear to us that the result must be the same in the case of a state prisoner's challenge to the fact or duration of his confinement, based, as here, upon the alleged unconstitutionality of state administrative action. Such a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration.

In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws. It would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade this requirement by the simple expedient of putting a different label on their pleadings. In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.

The policy reasons underlying the habeas corpus statute support this conclusion. The respondents concede that the reason why only habeas corpus can be used to challenge a state prisoner's underlying conviction is the strong policy requiring exhaustion of state remedies in that situation - - to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state

>court system an opportunity to correct its own constitutional errors. Fay v. Noia, supra, at 419-420 of 372 U.S., 83 S. Ct. at 838-839.

Id. at 489-90, 93 S. Ct. at 1836.

Since Preiser, additional cases have been decided regarding this issue. For instance, if Plaintiff were seeking damages for his incarceration, the decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), would govern. In Heck, the United States Supreme Court ruled:

>[w]e hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87, 114 S. Ct. at 2372. The Heck decision has been applied to probation and parole revocations. Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851, 116 S. Ct. 148, 133 L. Ed. 2d 93(1995); accord McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (dismissed action pursuant to Heck because the sentence imposed after the revocation of his mandatory supervision had not been invalidated). Because Plaintiff has not shown that his probation revocation has been invalidated, Heck would preclude a claim by Plaintiff for damages,

and such a claim would be frivolous.

However, in the present § 1983 action, Plaintiff is seeking injunctive and declaratory relief by his request to "Appeal the Hearing, Set Another Hearing and grant Plaintiff adequate Counsel, and time to prepare for hearing. Review entire Hearing and grant trail for Plaintiff. Have Perjury charges applied to guilty party and victim. Release Plaintiff from jail (sic)." (Doc. 1 at 8). Plaintiff is seeking to be released from jail which implies a request for the invalidation of his probation revocation and for his release from his present incarceration. A claim for injunctive and declaratory relief in a § 1983 action where a plaintiff challenges the fact or duration of his confinement and seeks his immediate release is not cognizable in a § 1983 action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

In Abella, a federal prisoner brought a Bivens action challenging his conviction. The prisoner sought damages and injunctive and declaratory relief. Observing that § 1983 law is commonly applied to Bivens actions, the Eleventh Circuit found that under Heck the prisoner's damages claims were not ripe because the prisoner's convictions had not been invalidated. Id. at 1065. Regarding the prisoner's claims for injunctive and declaratory relief, the Eleventh Circuit held:

> Heck reaffirmed that, under Preiser v. Rodriquez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), "habeas corpus is the exclusive remedy for a state prisoner who

>challenges the fact or duration of his confinement and seeks immediate or speedier release." 512 U.S. at ---, 114 S. Ct. at 2364.  Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims - - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release - - are simply not cognizable under § 1983. (Footnote omitted.) Id.  This rule applies equally to Bivens actions.  (Citation omitted.)

Id. at 1066.  "Therefore, injunctive and declaratory relief claims which challenge the fact or duration of confinement are simply never cognizable in § 1983 or Bivens actions. Id. at n.4.

Thus, Plaintiff's claim for injunctive and declaratory relief is not available in this § 1983 action.  Id. at 1066 & n.4. Plaintiff's claim is only recognized in habeas corpus and must be brought in a habeas corpus action under 28 U.S.C. § 2254. Accordingly, Plaintiff's claim for injunctive and declaratory relief lacks an arguable basis in law and is, therefore, frivolous.

### B. Alternatively, Claims Still Due to be Dismissed

Even if Plaintiff's claims were not frivolous based upon the standards of Preiser, Heck and Abella, Plaintiff's action would still be due to be dismissed prior to service of process.  In this 42 U.S.C. § 1983 action, Plaintiff asserts a Due Process claim against Mobile County Circuit Court Judge James Wood, alleging that although he did appoint legal counsel for Plaintiff prior to Plaintiff's parole revocation hearing, he did not allow Plaintiff

sufficient time to confer with said counsel, causing Plaintiff's parole to be revoked. Plaintiff also claims that Defendant Probation Officer Reginald Tate incarcerated him based upon false reports, presumably also resulting in his parole revocation. (Doc. 1 at 5-7). Plaintiff's final complaint is against the Mobile Police Department, alleging Plaintiff does not seek monetary damages, but instead asks the Court to grant him another hearing, review his hearing, and ultimately release him from jail. Plaintiff has acknowledged that his probation revocation has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, nor called into question by a federal court's issuance of a writ of habeas corpus pursuant to 22 U.S.C. § 2254.

### 1. Defendant Judge James Wood

Plaintiff has named Judge Wood in his §1983 action for his actions taken during Plaintiff's parole revocation hearing. In a §1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 13 Wall. 335, 351, 20 L. Ed. 646 (1871)); Simmons v. Conger, 86 F. 3d 1080, 1084-85 (11th Cir. 1996); Scott v. Hayes, 719 F. 2d

11

1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though he acts "in excess of [his] jurisdiction, and [his actions] are alleged to have been done maliciously or corruptly." Stump, 435 U.S. at 356. Absolute judicial immunity ensures "that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself." Stump, 435 U.S. at 355 (quoting Bradley, 13 Wall. at 347), which is a "principle of the highest importance to the proper administration of justice[.]" Id.

Plaintiff's claim against Defendant Wood is that he denied his motion for an attorney prior to his parole revocation hearing, and, although Plaintiff acknowledges that he did in fact receive counsel prior to the hearing, Plaintiff apparently contends that he did not have adequate time to prepare with his attorney.[3] In a response filed by Plaintiff to interrogatories issued by this Court, Plaintiff states that his revocation resulted because of the

---

[3]The Court notes that under Alabama law, "[t]here is no automatic right to counsel in probation revocation proceedings." Spence v. State, 766 So. 2d 206, 208 (Ala. Crim. App. 1999). Further,

> [c]ounsel should be provided when a probationer makes a colorable claim that he did not commit the alleged violation or shows justification or mitigating reasons for the violation that are complex or otherwise difficult to develop or present.

Id. See also Coon v. State, 675 So. 2d 94 (Ala. Crim. App. 1995); Rule 27.6(b), Alabama Rules of Criminal Procedure.

following criminal charges: Domestic Violence 2nd, three counts of Domestic Violence 3rd, and according to Plaintiff, "Threaten Letter," and "Failure to Pay Court Ordered Monies."  (Doc. 13).

The Court finds that Ala. Code § 13A-6-131 prohibits the crime of domestic violence in the second degree, and classifies such crime as a Class B felony. Ala. Code § 13A-6-132 prohibits domestic violence in the third degree, and classifies such crime as a Class A misdemeanor.  An Alabama circuit judge has exclusive original jurisdiction over all felony proceedings.  Ala. Code § 12-11-30.[4] Moreover, a probation violation is a violation of a court order. See Ronet v. Foster, 2006 WL 1980273, *3 (M.D. Fla. 2006)("Whenever within the period of probation...there are reasonable grounds to believe that a probationer...has violated his or her probation...in a material respect, any law enforcement officer who is aware of the probationary...status of the probationer...or any parole or

---

[4] Ala. Code § 12-11-30(2) provides the following:

> (2) CRIMINAL.  The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death.  The circuit court may, on conviction of a defendant, upon a showing of inability to make immediate payment of fine and costs, continue the case from time to time to permit the fine and costs to be paid.

probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such probationer or offender without warrant wherever found and forthwith return him or her to the court granting such probation or community control."). Clearly, Defendant Judge Wood was acting within his jurisdiction as a circuit judge when he handled the felony parole revocation proceedings involving Plaintiff. Ala. Code § 12-11-30; see generally McCoo v. State, 921 So. 2d 450 (Ala. 2005). Because both prongs of the Stump test are satisfied, i.e., Defendant Wood acted within his jurisdiction and in his judicial capacity, Judge Wood is entitled to absolute judicial immunity from any damage claim, assuming Plaintiff had asserted a monetary damage claim.[5] Therefore, the claims against Defendant Wood are due to be dismissed as frivolous.

### 2. Defendant Probation Officer Reginald Tate

Plaintiff's allegations against Defendant Officer Tate are very vague, even with the addition of his answers to interrogatories propounded by this Court. (Docs. 1, 13). Plaintiff seeks relief from Defendant Probation Officer Reginald Tate, alleging that Officer Tate lied under oath, relied upon and possibly prepared false documents, had Plaintiff falsely

---

[5]The Court notes that Plaintiff's claim for relief consists simply of a new parole revocation hearing, a review of his prior parole revocation hearing, and release from prison. (Doc. 1 at 8).

incarcerated and is unqualified to perform his job. Again, the relief Plaintiff seeks is essentially release from prison which makes this claim frivolous pursuant to Preiser v. Rodriquez, 411 U.S. 475, 93 S. Ct. 1386, 36 L. Ed. 2d 439 (1973); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); and Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). However, assuming that Plaintiff had made a claim for compensatory damages, his allegations against Defendant Officer Tate would still fail to state a claim.

Based upon Plaintiff's Complaint and answers to this Court's interrogatories, it appears that Plaintiff's parole revocation resulted from several domestic violence charges. (Docs. 1 and 13). Plaintiff contends that his rights were infringed upon because some of the domestic violence charges against him were dropped after the victim recanted her story, and informed the court that she no longer wanted to pursue the charges. Plaintiff claims in his interrogatory responses that Defendant Tate relied on police reports which were false when preparing his own report. (Doc. 13 at 2). Plaintiff also states that although the domestic violence charges were dropped, and he did not have to answer in court on those charges, they were used to revoke his probation. Plaintiff complains that since he did not accept the State's offer of a deal of serving 3 years, he is now serving a fifteen year sentence. (Doc. 13 at 2). Notably, Plaintiff has acknowledged that his

15

probation revocation has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, nor called into question by a federal court's issuance of a writ of habeas corpus pursuant to 22 U.S.C. § 2254.  (Doc. 13).

Assuming Plaintiff's allegations that Defendant Officer Tate gave false testimony in court are true, Plaintiff's allegations still fail to state a claim.  "The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings."  Cooper v. Carter, 2007 WL 215572 (M.D. Ala. 2007), citing Briscoe v. LaHue, 460 U.S. 325 (1983).  "[I]n litigation brought under 42 U.S.C. § 1983 ..., all witnesses-police officers as well as lay witnesses-are absolutely immune from civil liability based on their testimony in judicial proceedings."  Briscoe v. LaHue, 460 U.S. at 328, citing Briscoe v. LaHue, 663 F.2d 713 (7th Cir. 1981).  Moreover, regarding Plaintiff's claim that Defendant Tate relied on false police reports, this allegation clearly fails to state a claim.  Plaintiff has asserted very vague and generalized allegations against Defendant Tate, and, as discussed above, these allegations fail to state a claim upon which relief can be granted.

### 3. Defendant Mobile Police Department

Plaintiff seeks relief in his § 1983 action from the Mobile

Police Department for lack of medical care. Plaintiff also states that the Police Department gave a "false statement against him." (Doc. 1 at 7). Nothing further is mentioned by Plaintiff concerning the alleged false statement. Regarding the medical care issue, Plaintiff's Complaint is very vague in that he fails to name any particular officer, but simply makes the allegation that "Mobile Police officer's refused Plaintiff medical attention (sic)." His only further elaboration is that "[o]n September 4, 2004, Police refuse to take victim or Plaintiff Calvin Lee to hospital for stab wound in Right hand upon Request (sic)."

In order to bring a viable § 1983 claim against a defendant, the defendant sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b); see Dean, 951 F.2d at 1214.

A city's police department in Alabama, however, is not a suable entity or a proper party under state law or for § 1983 purposes. Hawkins v. City of Greenville, 101 F. Supp. 2d 1356, 1363 (M.D. Ala. 2000); accord Dean, 951 F.2d at 1214 ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ( "Where a police department is an integral part of the city government as the vehicle through which the city

17

government fulfills its policing functions, it is not an entity subject to suit."); <u>Reese v. Chicago Police Dept.</u>, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not suable entity).  Inasmuch as the City of Mobile Police Department is not a suable entity under Alabama law, the claim against Defendant City of Mobile Police Department is frivolous and due to be dismissed.

## **CONCLUSION**

Based upon the foregoing, it is recommended that this action be dismissed with prejudice as to Defendant Judge James Wood and the City of Mobile Police Department, and dismissed without prejudice as to Defendant Probation Officer Reginald Tate, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

DONE this **3rd** day of **August 2007.**

                                                **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.